UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN MICHAEL DESDUNES                                CIVIL ACTION

VERSUS                                                NO. 10-3210

MARLIN GUSMAN, ORLEANS                                SECTION "R"(3)
PARISH CRIMINAL SHERIFF
OFFICE/OPP

REPORT AND RECOMMENDATION

Plaintiff, Glenn Michael Desdunes, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman.[1] In the complaint, plaintiff states his claims as follows:

---

[1] It is unclear from the manner in which plaintiff captioned this action whether he also intended to name the Orleans Parish Sheriff's Office and the Orleans Parish Prison as defendants. However, if that was his intention, the claims against those entities must be dismissed because they are not proper defendants. A Louisiana parish sheriff's office is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *1 (E.D. La. May 11, 2010); Lockhart v. Orleans Parish Sheriff's Department, Civ. Action No. 09-6358, 2009 WL 5210579, at *1 (E.D. La. Dec. 23, 2009); Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). Likewise, the Orleans Parish Prison is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. Bolden v. Orleans Parish Jail, Civ. Action No. 08-0728, 2009 WL 507045, at *2 (E.D. La. Feb. 26, 2009); Glenn v. Louisiana, Civ. Action No. 08-4817, 2009 WL 382680, at *2 (E.D. La. Feb. 11, 2009); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 n.3 (E.D. La. July 25, 2008); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007).

> We have flooding in our cells – we are locked in our cells 23 hours a day – we have to eat our food around unsanitary toilets – our shower areas have rusty bars that can cause harm. We live in an violent atmosphere – we are not being transfered to better facilities after being fully sentenced, we are forced to live under these conditions. I slipped and fell injuring my hip as a result of the cell flooding.[2]

As relief, he seeks only monetary damages.[3]

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or

---

[2]   Rec. Doc. 1, p. 3.

[3]   Rec. Doc. 1, p. 4.

2

>    (iii) seeks monetary damages against a defendant who is immune
>    from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned recommends that plaintiff's complaint dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

### A. Plumbing Problem/Slip and Fall

To the extent that plaintiff is complaining about the existence of the plumbing problem, his claim is not actionable in a federal civil rights action. "The Constitution ... does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted). A prison sentence "is not a guarantee that one will be safe from life's occasional inconveniences," such as plumbing problems. Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982); see also Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *5 (E.D. La. May 11, 2010); Davis v. St. Charles Parish Corr. Center, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010).

To the extent that plaintiff is complaining about the fact that he allegedly slipped in the water and injured his hip, his claim fares no better. Both the United States Supreme Court and the United States Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims simply are not cognizable under 42 U.S.C. § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986); Noble v. Grimes, 350 Fed. App'x 892, 893 (5th Cir. 2009); Atkins v. Sheriff's Jail Avoyelles Parish, 278 Fed.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

App'x 438, 439 (5th Cir. 2008); McLaughlin v. Farries, 122 Fed. App'x 692, 693 (5th Cir. 2004); Beasley v. Anderson, 67 Fed. App'x 242 (5th Cir. 2003); Benton v. Grant, 31 Fed. App'x 160 (5th Cir. 2001). Rather, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979).

### B.  Extended Cell Time

Plaintiff next complains that he is locked in his cell for twenty-three hours per day. Even if that is true, it is not an atypical, significant deprivation in a prison setting, and it does not rise to the level of a constitutional violation. Argue v. Hofmeyer, 80 Fed. App'x 427, 429 (6th Cir. 2003); Hill v. Pugh, 75 Fed. App'x 715, 721 (10th Cir. 2003); Figueroa v. Dinitto, 52 Fed. App'x 522, 523 (1st Cir. 2002); Smith v. Romer, No. 96-1211, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997); Smith v. Beatty, No. 95-1493, 1996 WL 166270, at *1 (7th Cir. Apr. 5, 1996).

Moreover, in any event, plaintiff has sought only compensatory damages in this lawsuit. However, federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because plaintiff has suffered no physical injury as result of the extended cell time, he is barred from recovering the requested compensatory damages. Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Mayfield v. Texas Department of Criminal Justice, 529 F.3d 599, 605-06 (5th Cir. 2008); Massingill v. Livingston, 277 Fed. App'x 491, 493 (5th Cir. 2008); Delafosse v. Stalder, 169 Fed. App'x 922 (5th Cir. 2006).

### C. Unsanitary Eating Conditions

Plaintiff also claims that prison eating conditions are unsanitary because inmates must eat in the vicinity of the toilets. While that situation may be unpleasant, it is not unconstitutional. Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *6 (E.D. La. July 16, 2010), adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 10-128, 2010 WL 1489903, at *11 (E.D. La. Mar. 22, 2010), adopted, 2010 WL 1485468 (E.D. La. Apr. 13, 2010); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010); Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *5 (E.D. La. Feb. 22, 2010); Hill v. Smith, Civ. Action No. 09-0811, 2010 WL 148272, at *6-7 (W.D. La. Jan. 12, 2010). Further, this claim is likewise barred by 42 U.S.C. § 1997e(e) due to the lack of a physical injury.

### D. Rusty Cell Bars

Plaintiff next complains that the cell bars are rusty. Even if that is true, it does not rise to the level of a constitutional violation. Admittedly, there is a point beyond which a prison cell's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, rusty cell bars do not rise to that level. Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *7 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010); see Ellis v. Crowe, Civ. Action No. 09-3061, 2010 WL 724158, at *14-16 (E.D. La. Feb. 19, 2010). The mere fact that the prison is not always as pleasant as he would like

does not render the conditions unconstitutional. See Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); Wilson v. Lynaugh, 878 F.2d 846, 849 & n.5 (5th Cir. 1989) (noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel"). In any event, this claim is also barred by 42 U.S.C. § 1997e(e) due to the lack of a physical injury.

### E. Violent Atmosphere

Plaintiff next complains that inmates live in a violent atmosphere. While that statement is most likely true,[5] it fails to state an actionable claim.

To the extent that plaintiff is contending that jail officials are negligent for failing to provide better security, negligence claims, as previously noted, are not cognizable in federal civil rights actions. See Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort

---

[5] See Campbell v. Anderson, 335 F. Supp. 483, 486 (D. Del. 1971) ("[I]t is doubtful that inmate against inmate violence can ever be prevented within a prison setting no matter how carefully a prison might be operated."); see also Farmer v. Brennan, 511 U.S. 825, 858-89 (Thomas, J., concurring) (noting that "[p]risons are necessarily-dangerous places" which "house society's most antisocial and violent people in close proximity with one another" and that "some level of brutality ... among prisoners is inevitable no matter what the guards do unless all prisoners are locked in their cells 24 hours a day and sedated") (quotation marks, brackets, and ellipsis omitted).

claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

To the extent that plaintiff is attempting to assert a federal constitutional claim, it would be a failure-to-protect claim.  See, e.g., Cruz v. Owens, Civ. Action No. 86-5325, 1986 WL 13478 (E.D. Pa. Nov. 26, 1986) (claim that inmate was attacked due to "poor security" analyzed as a failure-to-protect claim); see also Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *5 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010).  It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement."  Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  The United States Fifth Circuit Court of Appeals has held:

> To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted).

In the instant case, however, plaintiff does not allege that the violent atmosphere has ever placed *him* in harm's way, that *he* personally is particularly susceptible to being attacked, or that prison officials have been made aware of and are deliberately indifferent to *his* need for protection.  Instead, plaintiff offers nothing more than vague and conclusory allegations which are clearly insufficient to state a federal claim.  See, e.g., Spurlock, 2010 WL 2102829, at *5; Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *6 (E.D. La. Feb. 22, 2010); Sweat v.

Corrections Corporation of America, No. 08-CV0917, 2009 WL 774454, at *2 (W.D. La. Mar. 24, 2009).

F.  Failure to Transfer

Lastly, plaintiff complains that, after sentencing, inmates are not transferred to "better facilities," presumably a reference to state facilities operated by the Louisiana Department of Public Safety and Corrections.  That allegation also fails to state a cognizable claim.  Inmates have no federal constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison was much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *3 (E.D. La. Oct. 29, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007).[6]

---

[6] The Court also notes that inmates likewise have no such right under state law.  Louisiana law expressly provides: "[A]ny individual subject to confinement in a state adult penal or correctional institutional shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." La.Rev.Stat.Ann. § 15:824(A).  State law further expressly provides that, when necessary, state prisoners may be confined in parish jails. La.Rev.Stat.Ann. § 15:824(B)(1)(a). See, e.g., Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, at *8 n.5 (E.D. La. May 5, 2010), adopted, 2010 WL 2102825 (E.D. La. May 25, 2010).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this thirtieth day of September, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.